Filed 8/15/25  P. v. Wright CA1/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHARLES WENDELL WRIGHT,<br><br>    Defendant and Appellant. | A171958<br><br>(Napa County Super. Ct.<br>No. 24CR000149) |

### MEMORANDUM OPINION[1]

Charles Wendell Wright appeals from a judgment entered after he pled no contest — pursuant to a plea bargain — to felony battery on a police officer and misdemeanor vandalism.  His counsel filed a brief asking this court to review the record to determine whether there are arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We found none after doing so and affirm.

On January 15, police were dispatched to a residence in American Canyon.  There they saw a broken front window and heard an alarm.  They observed Wright's vehicle in the driveway and found a restraining order ordering him to stay away from the home and its occupant, his brother.  An

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  Unless otherwise noted, all dates refer to 2024.

1

officer found Wright nearby; he bit the officer's arm and fled. Officers arrested him at a gas station. The Napa County District Attorney charged him with battery on a police officer (Pen. Code, § 243, subd. (c)(2), count 1; undesignated statutory references are to this code), resisting an executive officer (§ 69, count 2), resisting, obstructing, or delaying a peace officer (§ 148, subd. (a), count 3), vandalism (§ 594, subd. (b)(2), count 4), and disobeying a domestic relations court order (§ 273.6, subd. (a), count 5).

On January 31, Wright's attorney declared a doubt as to his mental competence to stand trial. (§ 1368.) The trial court appointed medical experts to evaluate competency and assess the need for psychotropic medication. On March 15, the court reviewed their reports, determined Wright was not competent, and referred him to the Conditional Release Program. On April 10, after the parties submitted on the reports, the court authorized the involuntary administration of antipsychotic medication. It also ordered that Wright be committed to a State Department of State Hospitals facility for a period not to exceed two years until his competency could be restored. On July 17, the court determined competency had been restored.

Wright pled no contest to felony battery on a police officer and misdemeanor vandalism in return for the low term of 16 months for count 1, time served on count 4, and dismissal of the other charges. He entered a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754 as to the dismissed counts. The trial court sentenced him to 16 months for count 1 — with credit for 485 days — and 364 days for count 4 — with credit for 364 days. It imposed a total of $140 in court operations and security fees, a $300

2

restitution fine, and imposed but suspended a $300 parole revocation restitution fine.[2]

Wright's notice of appeal indicates he is challenging both the validity of his plea as well as "the sentence or other matters occurring after the plea that do not affect" its validity. As his counsel acknowledges, he did not obtain a certificate of probable cause. Without that, an appeal following a guilty or no contest plea may only raise issues arising after the entry of the plea and that do not affect its validity. (*People v. Buttram* (2003) 30 Cal.4th 773, 780.) Counsel filed a *Wende* brief and notified Wright he had a right to file a supplemental brief within 30 days. No supplemental brief was received. We have independently reviewed the record pursuant to *Wende* to determine the existence of any arguable factual or legal issues arising after entry of the plea and that do not affect the plea's validity. We have found none.

The abstract of judgment shall be corrected to show the conviction and sentence — 364 days, with credit for 364 days —for count 4, misdemeanor vandalism. In all other respects, the judgment is affirmed.

---

[2] The abstract of judgment does not reflect the conviction or sentence for count 4.

_____
RODRÍGUEZ, J.

WE CONCUR:


_____
FUJISAKI, Acting P. J.


_____
PETROU, J.

A171958; *P. v. Wright*